LeClerc v. HHS                    CV-93-648-B    09/14/94

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Kevin LeClerc


      v.                                Civil No. 93-648-B


Donna Shalala, Secretary of
Health and Human Services


## O R D E R

Kevin LeClerc previously challenged a decision by the Secretary of Health and Human Services denying his application for disability benefits.  LeClerc argued, in part, that he was prejudiced at the disability hearing by the administrative law judge's ("ALJ") failure to obtain his recent medical records pertaining to his infection with Hepatitis B, which he asserted would corroborate his complaints of fatigue caused by the virus.

After reviewing the record, I found that LeClerc had not included copies of medical records that he alleged would support his claim.  Consequently, I was unable to determine whether new material evidence existed to justify remand pursuant to 42 U.S.C. § 405(g) (West Supp. 1994).  I withheld a final decision and gave LeClerc ten days within which to submit additional medical

evidence in support of his motion for remand. He has complied with the order, and I find that the newly submitted evidence provides sufficient grounds for remand.

The facts of this case are fully set forth in my order of August 10, 1994, and will not be repeated here except as is necessary for this order. As I discussed there, a remand of the case to the Secretary is appropriate if the moving party had good cause for failing to submit the evidence to the ALJ, and "further evidence is necessary to develop the facts of the case fully, . . . such evidence is not cumulative, and . . . consideration of it is essential to a fair hearing." Evangelista v. Secretary of Health & Human Servs., 826 F.2d 136, 139 (1st Cir. 1987); 29 U.S.C. 405(g). Therefore, to obtain a remand, LeClerc must show that the medical evidence he has submitted meets three requirements: newness, materiality, and good cause. See id.

Additional evidence is sufficiently "new" if it is not cumulative or merely a reinterpretation of information previously presented to the ALJ. Evangelista, 826 F.2d at 139-40; Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). At the disability hearing, the ALJ obtained copies of LeClerc's medical records for the period from 1990 to 1992 that showed positive test results for infection with Hepatitis B and a physician's

2

note that he had been tired and was "definitely infectious." LeClerc argues that those records did not document his complaint of fatigue caused by Hepatitis B.

LeClerc has now submitted additional medical records: a report of test results for the Hepatitis B virus dated August 14, 1994; his current treating physician's examination notes covering the period from March 1993 through October 1993; and the physician's note dated August 2, 1994, stating that LeClerc has been treated for fatigue and that hepatitis can cause recurring fatigue. The additional Hepatitis B test provides more recent results that may affect the diagnosis of LeClerc's current disease status. The physician's notes provide evidence that he has been treated for fatigue that can be caused by Hepatitis B not previously presented. Therefore, the additional medical records meet the "newness" standard.

Evidence is material in this context when it is necessary to afford the claimant a fair hearing because the ALJ's decision "might reasonably have been different" if the evidence had been considered. Evangelista, 826 F.2d at 140 (quoting Falu v. Secretary of Health and Human Servs., 703 F.2d 24, 27 (1st Cir. 1983)). LeClerc alleges that at the hearing, the ALJ did not include his complaints of fatigue in the hypotheticals posed to

the vocational expert. Because LeClerc's complaints of Hepatitis-related fatigue were primarily subjective, medical records supporting his claims probably would have influenced the ALJ's conclusion concerning the validity of his claims. In other words, the recent medical records offered by LeClerc would fill a gap in the record considered by the ALJ. See Heggarty, 947 F.2d at 997. Consequently, the new medical records are material to LeClerc's claims.

Finally, good cause exists for remand under the circumstances presented here. Because of the non-adversarial nature of disability determination proceedings, the presiding ALJ has certain responsibilities to develop evidence necessary to make a determination. Id. The responsibility increases

> where the [claimant] is unrepresented, where the claim itself seems on its face to be substantial, where there are gaps in the evidence necessary to a reasoned evaluation of the claim, and where it is within the power of the administrative law judge, without undue effort, to see that the gaps are somewhat filled--as by ordering easily obtained or more complete reports or requesting further assistance from a [professional in the field] or key witness.

Id. at 997 (quoting Currier v. Secretary of Health, Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1991)). LeClerc appeared pro se at the disability hearing. He claimed that his disability caused by severe lower back pain due to a ruptured disc was

4

substantially increased by fatigue caused by his infection with the Hepatitis B virus.  The dated medical records available to the ALJ did not sufficiently address LeClerc's claims to resolve the question of disability.  The resulting gap in the evidence could have been filled by ordering further medical records, which LeClerc has now supplied.

For the foregoing reasons Kevin LeClerc's motion to remand is granted.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 14, 1994

cc:  Raymond J. Kelly, Esq.
     Patrick Walsh, AUSA